UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Romel Balchan

_____

Write the full name of each plaintiff.

-against-

New York City Housing Authority (NYCHA),

Ava-Gay Balgrove, Tyrone Gordils, Samuel

Awelewa, Daniel Sweeney

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?
☒ Yes     ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Romel | | Balchan |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 2 Cortlandt Avenue | | |
|---|---|---|
| Street Address | | |

| New Rochelle | New York | 10801 |
|---|---|---|
| County, City | State | Zip Code |

| 914-383-9660 | romelbalchan@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| New York City Housing Authority (NYCHA) | | |
|---|---|---|
| Name | | |
| 250 Broadway | | |
| Address where defendant may be served | | |
| Manhattan, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| Ava-Gay Blagrove | | |
|---|---|---|
| Name | | |
| 250 Broadway | | |
| Address where defendant may be served | | |
| Manhattan, New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 3:

Tyrone Gordils
_____
Name

250 Broadway
_____
Address where defendant may be served

Manhattan, New York        New York        10007
_____
County, City                State            Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

New York City Housing Authority (NYCHA)
_____
Name

2 Cortlandt Ave
_____
Address

Manhattan, New York        New York        10007
_____
County, City                State            Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

**Defendant Information - additional names:**

**Defendant 4:** Samuel Awelewa

       250 Broadway

       New York, NY 10007

**Defendant 5:** Daniel Sweeney

       250 Broadway

       New York, NY 10007

3B

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is:  see attached

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is:  see attached

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me
- ☐  terminated my employment
- ☐  did not promote me
- ☒  did not accommodate my disability
- ☒  provided me with terms and conditions of employment different from those of similar employees
- ☒  retaliated against me
- ☒  harassed me or created a hostile work environment
- ☐  other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Please see attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

⊠ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  10/6/2024 & 11/13/2024

☐ No

Have you received a Notice of Right to Sue from the EEOC?

⊠ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  4/3/2025

When did you receive the Notice?  4/3/2025

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

⊠ direct the defendant to reasonably accommodate my disability

⊠ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Collect back pay and front pay wages, recoup personal leave time, recoup pension time, pain and suffering.

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6/23/2025 | | s/Romel Balchan |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Romel | | Balchan |
| First Name | Middle Initial | Last Name |
| 2 Cortlandt Avenue | | |
| Street Address | | |
| New Rochelle | New York | 10801 |
| County, City | State | Zip Code |
| 914-383-9660 | | romelbalchan@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**ADDENDUM TO FEDERAL COMPLAINT FOR ROMEL BALCHAN @ 6/23/25**

1. I have been employed by the New York City Housing Authority (NYCHA)'s Environmental Health and Safety Department, in the Lead Hazard Oversight Unit (LOT), as an Associate Public Health Sanitarian level 2, since August 2019.

2. My position also is referred to as Lead Oversight Specialist. I have over 10 years of experience in the Lead Poisoning Prevention Field, and I hold certifications as an EPA Lead Risk Assessor and in Renovation, Remodeling and Painting. My performance evaluations at NYCHA have been in good standing with no disciplinary incidents.

3. I suffer from the disabilities of coronary artery disease, status post myocardial infarction, ischemic cardiomyopathy/congestive heart failure, asthma, prediabetes, and anxiety.

4. I make this disability discrimination and retaliation complaint based on my employer's ongoing failure to reasonably accommodate my disabilities, and retaliation for seeking disability accommodations, under federal, state, and city law. I also bring this action based on violations of the Family Medical Leave Act (FMLA).

5. I filed a previous SDHR complaint and federal complaint under case no. 21 CV 10326 (JGK)(KHP), alleging, inter alia, disability discrimination and retaliation under the ADA, Rehabilitation Act, and FMLA.

6. Since filing of that complaint, the disability discrimination and retaliation has continued as follows:

7. On January 26, 2024, I sent an email to my supervisors Sam Awelewa and Tyrone Gordils requesting a reasonable accommodation to work remotely 3 out of 5 days due to mobility issues and fatigue.

8. On February 7, 2024, I sent a follow up email to the reasonable accommodation office requesting to initiate an interactive discussion with HR.

9. On February 9, 2024, Mr. Gordils met with me and said he had no problem with my accommodation request.

10. On February 14, 2024, Mr. Awelewa met with me and also stated he had no problem with my accommodation request. Then, later that same day, he changed the conditions of my work day, such that I was no longer able to use my personal car to visit a field jobsite, I was also now required to start my day in the downtown office, rather than in the field in the Bronx, closer to my home. Both of these new requirements caused me to have more challenges with my disability, and was counter to my request for an accommodation to alleviate the burden on me due to my limited mobility.

11. On February 15, 2024, Mr. Awelewa made an additional change to prior work practice, where he now would create the field assignments, rather than allow me to route my own schedule.

12. On February 16, 2024, I sent an email to HR informing them that my immediate supervisors, Mr. Awelewa and Mr. Gordils, had informed me that they had no problem with my accommodation request, but were still waiting for approval from HR.

13. On February 23, 2024, HR denied my reasonable accommodation request.

14. On March 8, 2024, I submitted a new accommodation request to HR, requesting 5 remote days of work because of worsening fatigue.

15. On March 12, 2024, after working several days without an HR approved accommodation, my medical condition flared. When I informed my supervisor, Mr. Awelewa, that I would not be able to make it to work in the field, I made myself available to do remote work, but he did not permit me to do any work from home. Instead, he required me to put in a leave request and assigned office-based work that I could have done remotely to other staff instead of me.

16. On March 19, 2024, Ms. Robin Yudkovitz, from HR, denied my accommodation.

17. On April 29, 2024, my union representative, Chandler Henderson, filed a grievance on my behalf because my accommodation was being denied based on HR requiring me to do out of title work.  It was emailed to Mr. Gordils or Ms. Yudkovitz and neither responded.

18. On May 1, 2024, Mr. Gordils denied me my union negotiated telework schedule that I was entitled to. However, he allowed my similarly situated coworkers to begin telework on April 23, 2024, (John Espina, Akinola Idowu, Chibuzor Nwobodo).

19. On May 3, 2024, Ms. Yudkovitz, from HR, put me out of work by directing me to take an involuntary medical leave without sending me for a fitness for duty evaluation. They backdated the unpaid leave to April 23, 2024, extending it through June 6, 2024.

20. Effective May 6, 2024, upon information and belief, Ms. Yudkovitz discontinued my health insurance benefits for myself, my wife and three young children.

21. On May 14, 2024, I began email communication with NYCHA CEO, Lisa Bova-Hiatt, requesting her assistance to intervene on my behalf, so that I could get my medical accommodation and health insurance reinstated.

22. On August 30, 2024, I sent HR, Angela Mena, a medical clearance so that I could return to work from the involuntary medical leave I was put on by Ms. Yudkovitz, but she never processed my return.

23. On September 3, 2024, I returned to my office hoping to resume work, however, I was directed by VP Patrick O'Hagan, who is white and used his positional power to intimidate me to leave the premises immediately and report to HR. While in HR, I was made to wait approximately six hours for Ms. Yudkovitz and her RAR team to communicate with me and approve my return to work. No one spoke with me, and at the end of the day I got an email stating that Ms. Yudkovitz 's RAR team needed my doctor to provide additional information, including language referencing that I was cleared to perform out of title work.

2

24. On September 4, 2024, my union emailed Ms. Yudkovitz, VP of HR, to advocate for me to return to work without having to obtain additional language from my doctor to include work not related to my civil service title. However, Ms. Yudkovitz, who is white used her positional power to reject my union's request.

25. On September 13, 2024, I emailed Ms. Lisa Bova-Hiatt, the CEO of NYCHA, and her board members, asking her to stop the retaliation and harassment by Robin Yudkovitz.

26. On September 19, 2024, after I provided the language requested by Ms. Yudkovitz, I returned to my office only to find that my ID was blocked and I was prohibited from entering the building. While speaking to security, Mr. O'Hagan smirked at me when he passed me on his way to the elevators. I shared this information with Ms. Bova-Hiatt via email. My union responded to the email demanding that I be removed from this hostile work environment and be transferred somewhere else.

27. On September 19, 2024, Ms. Yudkovitz emailed back stating there are no available positions to transfer me into.

28. On September 20, 2024, I requested via email a meeting with Ms. Bova-Hiatt and HR, the Office of Diversity, Equity, Inclusion (ODEI) and my union, to help resolve these issues.

29. On September 23, 2024, Mr. Daniel Sweeney, from ODEI, contacted me by phone for an intake of my complaint.

30. On October 1, 2024, Mr. Sweeney emailed me to inform me that ODEI would not open an investigation into my complaint.

31. On October 2, 2024, I was served by Mr. Gordils a counseling memo in front of other staff. I felt intimidated by Mr. Gordils due to his body language and his denial of my request for union representation.

32. On October 3, 2024, I was approached by Mr. Awelewa who attempted to serve me with a second counseling memo in front of other staff members.

33. Between September 19, 2024 and October 3, 2024, I have been subjected to harassment and intimidation in the office by Mr. Gordils, Mr. Awelewa, and others who have taunted me about my work, invaded my personal space in my cubicle and made me feel generally unsafe in the workplace. Additionally, I have been assigned a cubicle in the direct line of a surveillance camera. When asked for my seat to be moved, my request was ignored.

34. I filed a new SDHR complaint based on disability and discrimination on October 6, 2024 based on the 2024 events.

35. On October 31, 2024, I was denied my remote Friday workday by my supervisors (Sam Awelewa and Tyrone Gordlis, Ava- Gay Blagrove, Patrick O'Hagan) because two other people had that day remote.  I was required to provide additional information that was not required of my other co-workers for approval for a remote day. Of note, my co-worker Mr.

3

Nwobodo, who was assigned to be remote on Fridays, never took his remote days off and always showed up in the office.

36. On November 1, 2024, I appealed the denial via email and provided multiple reasons as to why Friday should continue to be my remote day. I even expressed that having Fridays as my remote day helps with my religious observance but Robin Yudkovitz from Human Resources denied me. I sent another email that day asking for a reconsideration of her denial, informing her that I discovered while in the office that Friday, my other coworker who had the approval for the Friday remote day does not take the remote day but instead reports to the office.

37. On November 12 2024, I emailed Robin Yudkovitz for an update on my reconsideration of her denial; however, she continues to deny me the Friday remote day.

38. On November 13, 2024, my supervisor Sam Awelewa in an email stated the work assignments that I completed on the 12th of November 2024 could not justify a full day of work. However, supervisor Sam was well aware that I had asked for more work assignments early in the day, attended mandatory meetings which ran over an hour long while he was a participant, and he provided additional tasks that came out of the meeting to be completed by me at the close of business day. In addition, Supervisor Sam has failed to provide me with written tasks and standards on what a workday should be for an Associate Public Health Sanitarian Level 2. Supervisor Sam treated me differently than my other co-workers (John Espina, Akinola Idowu, Chibuzor Nwobodo).

39. On November 13, 2024, I filed a supplemental SDHR complaint against Defendants.

40. I received a notice of right to sue letter from the EEOC regarding the above SDHR complaints, dated April 3, 2025.

4

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/03/2025

**To:** Romel Balchan
2 Cortlandt Avenue
New Rochelle, NY 10801

Charge No: 16G-2025-01216

EEOC Representative and email:    HERNAN MORALES
State and Local Program Manager
HERNAN.MORALES@EEOC.GOV

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Elizabeth Rader
04/03/2025
Elizabeth Rader
Acting District Director

# New York State Division of Human Rights Complaint Form

## Individual filing the complaint

**Please provide the information requested below.**

**First Name**

Romel

**Middle Intial**

**Last Name**

Balchan

**Street Address**

2 Cortlandt Avenue

**City**

New Rochelle

**State**

NY

**Zip**

10801

**Are you completing this form for someone else?**

No

## Your complaint

**Jurisdiction**

Employment

## Employment

**Please specify where the discrimination occurred**

Employment (including paid internship and domestic workers)

**Are you currently working for the employer you are filing against?**

Yes

**Date of hire**

08/05/2019

**Position held or applied for**

Associate Public Health Sanitarian, level II

**For employment and internships, how many employees does this person/company have?**

20 or more

**Acts of alleged discrimination: What did the person/company you are complaining against do? Check all that apply**

Gave me a disciplinary notice or negative performance review
Denied my request for an accommodation for my disability, or pregnancy-related condition
Denied me leave time or other benefits
Harassed or intimidated me on any basis indicated here

## Basis

**Basis of alleged discrimination in employment:**

**Disability** (a physical or mental condition; includes denial of reasonable accommodation)
**Race/Color** (because you are Asian, Black, White, etc.; includes ethnicity; includes traits historically associated with race such as hair texture or hairstyle)
**Retaliation** (if you filed a discrimination case before, were a witness or helped someone else with a discrimination case, or opposed or reported discrimination due to category listed on this page)

**Please specify race/color:**

West Indian

**Please specify disability:**

Cardiac, mobility impairment, mental health

**Please specify what you did to oppose discrimination or how you engaged in protected activity.**

SDHR Case No. 10212904, Federal Case No. 21-cv-10326EEOC Case No. 16GC102435,

## You are filing a complaint against

**Entity that discriminated against you:**

**Name of entity**

New York City Housing Authority

**Street Address**

250 Broadway

**City**

NY

**State**

NY

**Zip**

10007

**In what county or borough did the violation take place?**

New York Lower (Below 42nd Street)

**Phone Number**

212-306-8736

**Email address**

**Fax Number**

**Company Website**

**Date of the most recent act of alleged discrimination**

10/04/2024

## Description of discrimination

**Tell us more about each act of discrimination that you experienced.  Please include dates, names of people involved, and other details.  You must explain why you think these acts were discriminatory and how these acts are connected to the protected class (race, color, sex, disability, etc.) you selected previously.**
**If you have supporting documentation or evidence, you may provide it later.**

1. On January 26, 2024, I sent an email to Sam Awelewa and Tyrone Gordils requesting an accommodation to work remotely 3 out of 5 days due to mobility issues and fatigue.
2. On February 7, 2024, I sent a follow up email to the reasonable accommodation office requesting to initiate an interactive discussion with HR.
3. On February 9, 2024, Mr. Gordils met with me and said he had no problem with my accommodation request.
4. On February 14, 2024, Mr. Awelewa met with me and also stated he had no problem with my accommodation request. Then, later that same day, he changed the conditions of my work day, such that I was no longer able to use my personal car to visit a field jobsite, I was also now required to start my day in the downtown office, rather than in the field in the Bronx, closer to my home. Both of these new requirements caused me to have more challenges with my disability, and was counter to my request for an accommodation to alleviate the burden on me due to my limited mobility.
5. On February 15, 2024, Mr. Awelewa made an additional change to prior work practice, where he now would create the field assignments, rather than allow me to route my own schedule.
6. On February 16, 2024, I sent an email to HR updating them that my immediate supervisors, Mr. Awelewa and Mr. Gordils, had informed me that they had no problem with my accommodation request, but were still waiting for approval from HR.
7. On February 23, 2024, HR denied my reasonable accommodation request.
8. On March 8, 2024, I submitted a new accommodation request to HR, requesting 5 remote days of work because of worsening fatigue.
9. On March 12, 2024, after working several days without an HR approved accommodation, my medical condition flared. When I informed my supervisor, Mr. Awelewa, that I would not be able to make it to work in the field, I made myself available to do remote work, but he did not permit me to do any work from home. Instead, he required me to put in a leave request and assigned office-based work that I could have done remotely to other staff instead of me.
10. On March 19, 2024, HR denied my accommodation request.
11. On April 29, 2024, my union representative, Chandler Henderson, filed a grievance on my behalf because my accommodation was being denied based on HR requiring me to do out of title work.
12. On May 1, 2024, Mr. Gordils denied me my union negotiated telework schedule that I was entitled to. However, he allowed my similarly situated coworkers to begin telework on April 23, 2024.
13. On May 3, 2024, HR put me out of work by directing me to take an involuntary medical leave without sending me for a fitness for duty evaluation. They backdated the unpaid leave to April 23, 2024, extending it through June 6, 2024.
14. Effective May 6, 2024, HR discontinued my health benefits for myself and my family.
15. On August 30, 2024, I sent HR, Angela Mena, a medical clearance for the involuntary medical clearance I was put on, and she never processed my return.
16. On September 3, 2024, I returned to my office hoping to resume work, however, I was directed by VP Patrick O'Hagan, who is white and used his positional power to intimidate me to leave the premises immediately and report to HR. While in HR, I was made to wait approximately six hours for Ms. Robin Yudkovitz and her RAR team to communicate with me and approve my return to work. No one spoke with me, and at the end of the day I got an email stating that Yudkovitz 's RAR team needed my doctor to provide additional information, including language referencing that I was cleared to perform out of title work.
17. On September 4, 2024, my union emailed Ms. Robin Yudkovitz, VP of HR, to advocate for my to return to work without having to obtain additional language from my doctor to include work not related to my civil service title. However, Ms. Yudkovitz, who is white used her positional power to rejected my union's request.
18. On September 13, 2024, I emailed Ms. Lisa Bova-Hiatt, the CEO of NYCHA, and her board members, asking her to stop the retaliation and harassment by Robin Yudkovitz.
19. On September 19, 2024, after I provided the language requested by Ms. Yudkovitz, I returned to my office only to find that my ID was blocked and I was prohibited from entering the building. While speaking to security, Mr. O'Hagan smirked at me when he passed me on his way to the elevators. I shared this information with Ms. Bova-Hiatt via email. My union responded to the email demanding that I be removed from this hostile work environment and be transferred somewhere else.
20. On September 19, 2024, Ms. Yudkovitz emails back stating there are no available positions to transfer me into.
21. On September 20, 2024, I requested via email a meeting with Ms. Bova-Hiatt and HR, the office of Diversity, Equity, Inclusion and my union, to help resolve these issues.
22. On October 2, 2024, I was served by Mr. Gordils a counseling memo in front of other staff. I was written up for insubordination for not performing out of title field work.
23. On October 3, 2024, I was approached by Mr. Awelewa who attempted to serve me with a second counseling memo in front of other staff members, again for insubordination for not performing out of title field work.
24. Between September 19, 2024 and October 3, 2024, I have been subjected to harassment and intimidation in the office by Mr. Gordils, Mr. Awelewa, and others who have taunted me about my work, invaded my personal space in my cubicle and made me feel generally unsafe in the workplace. Additionally, I have been assigned a cubicle in direct line of a surveillance camera. When asked for my seat to be moved, my request was ignored.

## Declaration

**Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.**

**I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)**

**Please initial:**

rb

**I affirm under penalties of perjury, that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.**

Romel Balchan

**Enter today's date.**

10/06/2024

.

## Additional information

**Your contact information**

**Email Address**

romelbalchan@gmail.com

**Phone Number**

913-383-9660

**Mobile Phone**

**Contact Person (Optional)**

**First Name**

Alvin

**Last Name**

Balchan

**Street Address**

179 the blvd east

**City**

new rochelle

**State**

ny

**Zip**

10801

**Email Address**

abalchan@gmail.com

**Phone Number**

914-924-3221

**Mobile Phone**

**Contact person's relationship to me:**

brother

## Special needs

**I am in need of:**

Accommodations for a disability

**Please specify accommodation(s) needed:**

uncertain

## Settlement/Conciliation

**To settle this complaint, I would accept:**

I want to be transfer to another department where I am free from discrimination, retaliation and harassment. I want to be reasonable accommodated for my disability. I want to be compensated for all lost wages, accrual vacation and sick time, pension time, insurance coverage, pain and suffering.

## Prior complaint

**Did you report or complain about the discrimination to someone else?**

Yes

**Date you reported or complained about discrimination:**

05/16/2024

**How exactly did you complain about the discrimination? (To whom did you complain?)**

I spoke with NYCHA ODEI.

## Other information

**Please provide the name, last name, email address, and title of individual people who discriminated against you.**

Robin Yudkovitz, VP of HR of Human and Labor Relations, robin.yudkovitz@nycha.nyc.gov
Patrick O'Hagan, VP of EHS, patrick.ohagan@nycha,nyc.gov, Ava-Gay Blagrove, Director of EHS,
Ava-Gay.Blagrove@nycha.nyc.gov,
Tyrone Gordlis, Deputy Director of EHS,
Tyrone.Gordlis@nycha.nyc.gov,
Samuel Awelewa, Lead Oversight Administrator, samuel.awelewa@nycha.nyc.gov,
Lisa Bova-Hiatt, CEO of NYCHA,
lisa.bova-hiatt@nycha.nyc.gov,
Daniel Sweeney, Attorney Intern Investigator NYCHA ODEI, daniel.sweeney@nycha.nyc.gov

**Were other people treated the same as you? How?**

Yes, they were denying other black people accommodations who were coming back from a medical leave..

# New York State Division of Human Rights Complaint Form

## Individual filing the complaint

**Please provide the information requested below.**

**First Name**

Romel

**Middle Intial**

**Last Name**

Balchan

**Street Address**

2 CORTLANDT AVENUE

**City**

NEW ROCHELLE

**State**

NY

**Zip**

10801

**Are you completing this form for someone else?**

No

## Your complaint

**Jurisdiction**

Employment

## Employment

**Please specify where the discrimination occurred**

Employment (including paid internship and domestic workers)

**Are you currently working for the employer you are filing against?**

Yes

**Date of hire**

08/05/2019

**Position held or applied for**

Associate Public Health Sanitarian, Level II

**For employment and internships, how many employees does this person/company have?**

20 or more

**Acts of alleged discrimination: What did the person/company you are complaining against do? Check all that apply**

Denied me an accommodation for my religious practices

## Basis

**Basis of alleged discrimination in employment:**

**Creed/Religion** (religious membership, belief, practice, or observance, including sabbath or holy day observance, or wearing of attire, clothing or facial hair in accordance with your religion; or discrimination because you do not have a religious belief)
**Retaliation** (if you filed a discrimination case before, were a witness or helped someone else with a discrimination case, or opposed or reported discrimination due to category listed on this page)

**Please specify creed/religion:**

Hindu and Jewish

**Please specify what you did to oppose discrimination or how you engaged in protected activity.**

Case No. 10240476

## You are filing a complaint against

**Entity that discriminated against you:**

**Name of entity**

New York City Housing Authority

**Street Address**

250 Broadway

**City**

New York

**State**

New York

**Zip**

10007

**In what county or borough did the violation take place?**

New York Lower (Below 42nd Street)

**Phone Number**

212-306-8736

**Email address**

**Fax Number**

**Company Website**

New York City Department of Health and Mental Hygiene

**Date of the most recent act of alleged discrimination**

10/31/2024

## Description of discrimination

**Tell us more about each act of discrimination that you experienced.  Please include dates, names of people involved, and other details.  You must explain why you think these acts were discriminatory and how these acts are connected to the protected class (race, color, sex, disability, etc.) you selected previously. If you have supporting documentation or evidence, you may provide it later.**

1. On October 31st,2024, I was denied my remote Friday workday by my supervisors (Sam Awelewa and Tyrone Gordlis, Ava- Gay Blagrove, Patrick O'Hagan}.and was required to provide additional information that was not required of my other co-workers for approval for a remote day.

2. On November 1st, 2024, I appealed the denial via email and provided multiple reasons as to why Friday should continue to be my remote day. I even expressed that having Fridays as my remote day helps with my religious observance but Robin Yudkovitz from Human Resources denied me. I sent another email that day asking for a reconsideration of her denial, informing her, that I discovered while in the office that Friday, my other coworker who had the approval for the Friday remote day does not take the remote day but instead reports to the office.

3. On November 12th 2024, I emailed Robin Yudkovitz for an update on my reconsideration of her denial however she continues to deny me the Friday remote day.

4. On November 13th 2024, My supervisor Sam Awelewa in an email stated the work assignments that I completed on the 12th of November 2024 could not justify a full day of work. However, supervisor Sam was well aware of that I had asked for more work assignments early in the day, attended mandatory meeting which ran over an hour long and he was a participant in, and he provided additional tasks that came out of the meeting to be completed by me at the close of business day. In addition, Supervisor Sam has failed to provide me written tasks and standards on what a workday should be for an Associate Public Health Sanitarian Level 2. Supervisor Sam treated me differently than my other co-workers.

## Declaration

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)

**Please initial:**

rb

**I affirm under penalties of perjury, that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.**

Romel Balchan

**Enter today's date.**

11/13/2024

.

**Additional information**

**Your contact information**

**Email Address**

romelbalchan@gmail.com

**Phone Number**

914-383-9660

**Mobile Phone**

**Contact Person (Optional)**

**First Name**

Alvin

**Last Name**

Balchan

**Street Address**

179 the blvd east

**City**

NEW ROCHELLE

**State**

NY

**Zip**

10801

**Email Address**

abalchan@gmail.com

**Phone Number**

914-924-3221

**Mobile Phone**

**Contact person's relationship to me:**

brother

## Special needs

**I am in need of:**

I do not need any special accommodations

## Settlement/Conciliation

**To settle this complaint, I would accept:**

I want to be transfer to another department where I am free discrimination, retaliation and harassment. I want to be reasonable accommodated for my religious observance day.

## Witnesses

**Please provide the first name, last name, title and contact information of any witnesses that you wish to include.**

Chibuzor Nwobodo, Lead Oversight Specialist, chibuzor.nwobodo@nycha.nyc.gov.
Edwin Acety, Heating Oversight Specialist, edwin.acety@nycha.nyc.gov.

## Prior complaint

**Did you report or complain about the discrimination to someone else?**

Yes

**Date you reported or complained about discrimination:**

11/01/2024

**How exactly did you complain about the discrimination? (To whom did you complain?)**

NYCHA ODEI is included in my email correspondence with human resources.

## Other information

**Please provide the name, last name, email address, and title of individual people who discriminated against you.**

Robin Yudkovitz, VP of HR of Human and Labor Relations, robin.yudkovitz@nycha.nyc.gov
Patrick O'Hagan, VP of EHS, partick.ohagan@nycha.nyc.gov,
Ava-Gay Blagrove, Director of EHS, Ava-Gay. Blagrove@nycha.nyc.gov,
Tyrone Gordlis, Deputy Director of EHS, Tyrone.Gordlis@nycha.nyc.gov, Samuel Awelewa, Lead Oversight Administrator, samuel.awelewa@nycha.nyc.gov, Lisa Bova-Hiatt, CEO of NYCHA, lisa.bova-hiatt@nycha.nyc.gov, Daniel Sweeney, Attorney Intern Investigator NYCHA ODEI, daniel.sweeney@nycha.nyc.gov

**Were other people treated the same as you? How?**

No.

**Were other people treated better than you? How?**

Yes, my co-workers got their preferred remote days approved.